FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CIT COMMUNICATIONS FINANCE CORPORATION | |
| Plaintiff, | OPINION |
| | Civ. No. 01-5368 (WHW) |
| v. | |
| NEW YORK BOARDUP AND EMERGENCY SERVICE CORP., | |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| AVAYA INC., et al. | |
| Third-Party Defendants | |

**Walls, District Judge**

Third-Party plaintiff New York Boardup and Emergency Service Corporation ("NYBU") files a motion pursuant to Fed.R.Civ.P. 39(b), which seeks leave to file a jury demand. Pursuant to Fed.R.Civ.P. 78, the motion is decided without oral argument. The motion is denied.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiff CIT Communications Finance Corporation ("CIT") first brought this action against NYBU for failure to make required payments under a lease agreement for telecommunications equipment. NYBU answered CIT's complaint but did not make a jury demand because the lease agreement between these parties contained a jury waiver. Approximately eight months later, NYBU filed a third-party complaint against third-party

**FOR PUBLICATION**

defendant Avaya, Inc. ("Avaya"). NYBU did not file a jury demand when it initiated the action against Avaya. Over the past few years, NYBU and Avaya have engaged in discovery and settlement negotiations, and NYBU has never made a formal demand for a jury trial. NYBU claims, however, that Avaya has been aware that NYBU intended to seek a jury trial for at least the past two years.

NYBU's attorney is an out-of-state practitioner, whose legal practice is essential confined to state court civil actions in New York state, where jury demands can be filed long after discovery has ended.

Avaya asserts that it was not aware that NYBU intended to seek a jury trial and that it has been preparing for a bench trial. Avaya also claims that NYBU has been dilatory in its discovery obligations and has missed various court deadlines, and has filed untimely pleadings without leave to do so, causing Avaya and CIT to incur significant and unnecessary costs.

On April 4, 2005, Magistrate Judge Schwarz held a pretrial conference. At the conference, NYBU asked the Court to allow it to move for a jury trial despite its failure to demand one in its pleadings. Over Avaya's objections, Magistrate Schwarz granted NYBU leave to file a motion by April 29, 2005. NYBU failed to meet this deadline, and requested another extension of time to file almost three weeks after the deadline had passed. Magistrate Schwarz denied this request initially, but granted the extension upon NYBU's motion for reconsideration. As a result of this extension, the trial date was adjourned from June 14, 2005 until July 19, 2005. The trial date has since been adjourned to August 9, 2005 to accommodate CIT's witnesses.

FOR PUBLICATION

DISCUSSION

Federal Rule of Civil Procedure 38 provides that "[a]ny party may demand a trial by jury of any issue triable of right by a jury by ... serving upon the other parties a demand thereof in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue ...," Fed.R.Civ.P. 38(b). The "last pleading" referred to by Rule 38 is generally the last answer filed in a case. See Vol. 8, *Moore's Federal Practice*, §38.50 (Matthew Bender, 3rd Ed.). Fed R. Civ. P. 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues." Fed.R.Civ.P. 39(b). Therefore, a district court may still grant a jury trial, even where the demand was untimely made. See United States Securities and Exchange Commission v. Infinity Group Co., 212 F.3d 180 (3d Cir. 2000).

In Infinity, the Third Circuit set forth five factors that the district courts should consider in determining whether to grant an untimely jury demand. They are:

> 1) whether the issues are suitable for a jury;  2) whether granting the motion would disrupt the schedule of the Court or the adverse party;  3) whether any prejudice would result to the adverse party;  4) how long the party delayed in bringing the motion;  and 5) the reasons for the failure to file a timely demand.

Id. at 196 (citing Fort Washington Resources, Inc. v. Tannen, 852 F.Supp. 341, 342 (E.D.Pa.1994).

Although the claims in this case, primarily breach of contract and warranty claims, would be suitable for a jury trial, it should be noted that the primary case, a non-jury claim, between

**FOR PUBLICATION**

CIT and Avaya will require a bench trial. However, nothing about the nature of the claims weighs against allowing NYBU to make a jury demand.

Given the extremely late date of NYBU's request, to allow a jury trial at this point would be significantly disruptive to Avaya's and the Court's schedules. This case was filed almost four years ago, and the trial has already been adjourned twice. If the motion is granted, the trial will have to be adjourned once more until after the Court's August recess, during which no juries are convened. In addition, because the trial would consist of a non-jury claim between CIT and NYBU, two finders of fact would be called upon to decide the liability of two different parties in the same case. At least one court has found that "the interest of efficiency and justice dictate against having issues of liability resolved by two separate fact finders." Slgarhi v. Dreis & Krump Mfg. Co., 131 F.R.D. 429, 431 (S.D.N.Y. 1990). This factor weighs against allowing a jury trial.

Avaya argues that it will suffer significant prejudice if NYBU's motion is granted because it has been preparing for a bench trial and it would have to change its trial strategy on the eve of trial. Although NYBU does not address the Infinity factors, Avaya points out that if denial of NYBU's motion would result in prejudice to NYBU, it could seek recourse against its attorney through a malpractice suit since NYBU's attorney for failure to timely request a jury trial. Given the late date of NYBU's request, the Court finds that granting NYBU's motion would prejudice Avaya.

It is beyond dispute that the length of NYBU's delay in filing a jury demand is extreme. Under Rule 38, NYBU was required to file a jury demand within 10 days of Avaya's last answer,

**FOR PUBLICATION**

filed in September, 2002. Even after NYBU's answer was filed, NYBU had ample opportunities to request leave to file an untimely jury demand. In <u>Infinity</u>, the Third Circuit found that the district court did not abuse its discretion when it denied a Rule 39(b) motion filed *two and half months* after the last answer in the case was filed. <u>See</u> <u>Infinity</u>, 212 F.3d at 195. Here, practically three years have passed, discovery ended over one year ago, and now in July 2005 NYBU seeks the Court's assistance only weeks before the trial is scheduled to begin. This factor weights heavily in favor of denying NYBU's motion.

  Finally, the only reason NYBU gives for its failure to file a timely jury demand is that its counsel is not familiar with the Federal Rules of Civil Procedure and was under the mistaken impression that a jury demand could be made at a much later date. The Third Circuit expressly noted in <u>Infinity</u> that "[c]ourts in this Circuit generally deny relief when "the only basis for such relief advanced by the requesting party is inadvertence or oversight of counsel." <u>Infinity</u>, 212 F.3d at 195. This factor weighs in favor of denial of NYBU's motion.

  After consideration of the factors set forth in <u>Infinity</u>, this Court finds that NYBU has not shown good cause why a jury trial should be permitted at this late date. NYBU's motion is denied.

                        **s/ William H. Walls, U.S.D.J.**